IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| NICOLE PIPIK, | ) | |
| | ) | |
| Plaintiff, | ) | 2:25-CV-00119-MJH |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant, | | |

OPINION

Plaintiff, Nicole Pipik, brings the within action against Defendant, State Farm Automobile Insurance Co., for Bad Faith under 42 Pa.C.S. § 8371 (Count I) and Breach of Contract (Count II) arising from a claim for underinsured motorist (UIM) benefits. (ECF No. 1-2).

State Farm has filed a Partial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) seeking dismissal of Count I. (ECF No. 5). The matter is now ripe for consideration.

Upon consideration of Ms. Pipik's Complaint (ECF No. 1-2), State Farm's Motion to Dismiss (ECF No. 5), the respective responses and briefs of the parties (ECF Nos. 6, 7, and 9), and for the following reasons, State Farm's Motion to Dismiss will be granted. Leave to amend will not be granted as any amendment will be futile, and Count I of Ms. Pipik's Complaint will be dismissed.

I.      Background

Ms. Pipik alleges that, on November 2, 2020, her vehicle was sideswiped by another motorist; and, as a result of the collision, she sustained injuries. (ECF No. 1-2 at ¶¶ 6, 8, 10, 12-15).   Ms. Pipik further avers that she maintains automobile insurance policy with State Farm that provides for UIM coverage (the "Policy"). *Id.* at ¶ 7.

Ms. Pipik alleges that, shortly before" January 5, 2022, she put State Farm on notice of her UIM claim. *Id.* at ¶ 17. Ms. Pipik avers that, on June 6, 2023, she provided State Farm with a demand, medical records, lien information, and/or any other materials. *Id.* at ¶ 18. On June 16, 2023, State Farm requested proof of the offer of $15,000.00 from the alleged tortfeasor. *Id.* at ¶ 19.   On July 7, 2023, State Farm also requested an Examination Under Oath (EUO), additional medical records, and Ms. Pipik's social security documentation in order to evaluate her claim for UIM benefits. *Id.* at ¶ 19.

By August 9, 2023, Ms. Pipik alleges that she provided authorizations for medical records and had presented for an EUO. *Id.* at ¶ 21. Ms. Pipik avers that her counsel followed up for the status of the claim, and was told that State Farm was still awaiting Ms. Pipik's social security documentation. *Id.* at ¶ 23-26. Ms. Pipik obtained her social security documentation and provided same to State Farm. *Id.* at ¶ 27. Upon further follow up, State Farm requested an Independent Medical Examination. *Id.* at ¶ 29.  In October 2024, Ms. Pipik presented for said IME, and the IME report was produced later that same month. *Id.* at ¶ 29.

Ms. Pipik alleges that, since October 2024, State Farm had not yet extended an offer on her UIM claim.   Ms. Pipik alleges that "the only communication has been demanding additional materials and examinations from Plaintiff." *Id.* at ¶ 32.   On December 17, 2024, Ms. Pipik filed

2

suit against State Farm averring claims for statutory bad faith under 42 Pa.C.S. § 8371 (Count I) and breach of contract (Count II). State Farm now moves to dismiss Count I.

II.     Relevant Standard

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.2009) (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir.2016) ("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it

must still . . . assume all remaining factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir.1997). The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir.2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–327, (1989).

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). Further, amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.' " *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great Western Mining & Mineral Co.*, 615 F.3d at 175).

III.     Discussion

State Farm argues that Ms. Pipik's bad faith claim should be dismissed because she has failed to allege a plausible claim under 42 Pa.C.S. § 8371. State Farm contends that Ms. Pipik's bad faith claim is only premised on an alleged delay in investigation of her UIM claim. In response, Mr. Pipik argues that the Court should not dismiss the statutory bad faith claim,

4

because the Complaint's timeline reveals an inexcusable delay, which violates State Farm's duty to fairly and promptly investigate Ms. Pipik's UIM claim.

In response, State Farm counters that Ms. Pipik's arguments on delay are belied by the delay from Ms. Pipik's attorney, who withheld proof the tortfeasor's settlement offer, and that any delay from July 2023 to May 2024 was not attributable to any failure or refusal by State Farm to investigate; but rather, they delay was due to difficulties in obtaining Ms. Pipik's Social Security file. State Farm further argues that Ms. Pipik's Complaint demonstrates State Farm's active and ongoing investigation of her UIM claim.

The bad faith statute in Pennsylvania provides as follows:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1)   Award interest on the amount of the claim from the date of the claim was made by the insured in an amount equal to the prime rate of the interest plus 3%.
>
> (2)    Award punitive damages against the insurer.
>
> (3)    Assess court costs and attorney fees against the insurer.

42 Pa.C.S.A. §8371. "[I]n order to recover in a bad faith action, the plaintiff must present clear and convincing evidence (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis." *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005); *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017).

"Pennsylvania courts have recognized an insurer's right to investigate and evaluate UIM claims." *Higman v. State Farm Mut. Auto. Ins. Companies*, No. 2:18-CV-00662, 2018 WL 5255221, at *4 (W.D. Pa. Oct. 22, 2018). "Delay is a relevant factor in determining whether bad faith has occurred, but a long period of time between demand and settlement does not, on its

own, necessarily constitute bad faith ... **[I]f delay is attributable to the need to investigate further or even to simple negligence, no bad faith has occurred.**" Rowe v. Nationwide Ins. Co., 6 F. Supp. 3d 621, 634 (W.D. Pa. 2014) (quoting *Kosierowski v. Allstate Ins. Co.,* 51 F.Supp.2d 583, 588–89 (E.D. Pa. 1999) *aff'd*, 234 F.3d 1265 (3d Cir. 2000)) (emphasis added).

Courts have consistently held that such a delay, even if attributable to the insurer, is insufficient alone to constitute bad faith. *See e.g., Williams v. State Farm*, No. 21-58, 2021 WL 2661615 at * 6 (E.D. Pa. June 29, 2021) ("Assuming arguendo that the entirety of this delay was attributable to State Farm, a period of nine or ten months, without more, is insufficient to establish bad faith."); *McConnell v. Nationwide Mut. Ins. Co.*, No. 21-4523, 2022 WL 970671 at * 2 (E.D. Pa. Mar. 31, 2022) ("At most, Nationwide waited approximately ten months after receiving McConnell's claim for underinsured motorist benefits to make an offer of settlement. This length of time, in itself, is insufficient to show bad faith.").

Here, Ms. Pipik's allegations do not amount to bad faith.    In her Complaint, Ms. Pipik alleges she first provided medical records and a UIM demand on June 6, 2023.   In the time period before first providing said demand and the filing of this lawsuit 18 months later, the Complaint demonstrates delays attributed to Ms. Pipik, i.e. Ms. Pipik's delayed timing of the UIM demand for several months after the accident, and Ms. Pipik's legal counsel's delay in obtaining a proof of settlement from the tortfeasor.   The Complaint also demonstrates delays beyond the parties' control, i.e. the production of Ms. Pipik's Social Security disability file. Delays aside, the Complaint otherwise demonstrates that State Farm conducted an ongoing investigation consistent with the timing and substance of information it received.

Given the totality of these circumstances, regarding allegations, concerning the reasonableness, of timing of the UIM investigation, the Complaint does not support that State

Farm engaged in bad faith conduct with regard to Mr. Pipik's UIM claim. Therefore, State Farm's arguments are well-taken and dismissal of Count I is warranted.

Accordingly, State Farm's Partial Motion to Dismiss will be Granted, and Count I will be dismissed. Because the allegations provide the Court with a clear picture of State Farm's UIM investigation, any amendment will be deemed futile.

A separate order will follow.

DATED this 4th day of March, 2025.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge